UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| BRIAN T. KIRK, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:16-CV-50 SPM |
|  | ) |  |
| CORIZON MEDICAL, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against Corizon, Inc.; Regina Clark, Nurse; Andrea Crader, Nurse; and George Lombardi, Director, Missouri Department of Corrections. Plaintiff alleges that on May 21, 2014, he fractured his wrist and sprained his ankle playing basketball. He says that both Clark and Crader refused to order an X-ray for his wrist for two days. And he claims his wrist was unable to heal properly because of the delay in treatment.

Plaintiff seeks to hold Lombardi liable because of his role in contracting with Corizon to provide medical care for Department of Corrections' institutions. And plaintiff seeks to hold Corizon liable because it employs Clark and Crader.

## Discussion

Plaintiff's allegations against Clark and Crader state a plausible claim for deliberate indifference to his medical needs. Therefore, the Court will order the Clerk to serve process on these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a

2

general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Because there are no allegations that defendant Lombardi was directly involved with the decision not to X-ray or treat his wrist fracture, the complaint does not state a claim against him, and he must be dismissed.

In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). There are no such allegations against Corizon. Consequently, Corizon must be dismissed as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [ECF No. 3] is **MOOT**.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Regina Clark and Andrea Crader, in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendants Corizon, Inc., and George Lombardi are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 25th day of July, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE