UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BRIAN T. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16-CV-50 (CEJ) |
| | ) | |
| REGINA CLARK and ANDREA CRADER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion of defendants Regina Clark and Andrea Crader for summary judgment. Plaintiff, who proceeds *pro se*, has not filed a response in opposition nor requested an extension of time to do so.

Plaintiff Brian Kirk is an inmate incarcerated in the Missouri Department of Corrections. He alleges that he fractured his wrist while playing basketball at the Moberly Correctional Center[1] and that defendant nurses Regina Clark and Andrea Crader refused to order an x-ray until two days after the injury. He claims that the delay in treatment caused his wrist to heal improperly. He filed suit pursuant to 42 U.S.C. § 1983, asserting that defendants[2] were deliberately indifferent to his serious medical need.

### I.  Background[3]

---

[1] Plaintiff was transferred to another facility on September 23, 2014. See Paul Jones Affidavit at ¶12 [Doc. # 19-4].

[2] Plaintiff's additional claims against Corizon, Inc., as Clark and Crader's employer, and George Lombardi, as Director of the Missouri Department of Corrections, were dismissed pursuant to 28 U.S.C. § 1915(e). [Doc. # 6].

[3] As a result of plaintiff's failure to file a response in opposition to defendants' motion, the facts as set forth in their Statement of Uncontroverted Material Facts [Doc. # #19] are deemed admitted. E.D. Mo. L.R. 4.01(E) ("All matters set for in the statement of

Shortly after 2:00 p.m. on May 21, 2014, plaintiff sought medical treatment from defendant Crader for his right ankle. Crader Aff. at ¶4 [Doc. # 19-2]; Medical Record at 2-5 [Doc. # 19-3]. Plaintiff told Crader that he had twisted his ankle 10 minutes earlier while playing basketball. She observed that plaintiff was able to bear weight, but he had discoloration of the skin, swelling, tenderness, and a decreased range of motion. She obtained an x-ray of the ankle, which showed prominent soft tissue swelling but no evidence of a fracture. Defendant Crader gave plaintiff ibuprofen and told him to immobilize the ankle, elevate his leg, and apply ice. She instructed him to return to the clinic if the condition did not improve within two or three days. She offered him crutches, but he declined. Crader Aff. at ¶¶ 4-5; Med. Rec. at 2. Plaintiff did not complain about any injury to his wrist or present with any objective evidence of a wrist injury at that time.[4] Crader Aff. ¶6.

Plaintiff returned to the medical unit shortly before 6:00 p.m. on May 21st to request crutches. Defendant Clark was on duty at that time. She gave him crutches and issued a medical lay-in. Clark Aff. at ¶ 4. [Doc. # 19-1]; Med. Rec. at 5. Plaintiff did not tell her he had pain in his wrist or present any objective evidence of a wrist injury at that time.[5] Clark Aff. ¶¶ 5-6. Clark states that she would not have given plaintiff crutches if he complained about wrist pain and would have found an alternative mobility aid for him. Id. at ¶6.

On May 23, 2014, plaintiff submitted a medical service request, stating that his "wrist may be broken." Medical Record at 51. Defendant Clark was again on

---

[uncontroverted facts] shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.")
[4] Indeed, while plaintiff alleges that defendant Crader "refused" to request an x-ray of his wrist, he does not allege that he asked her to examine his wrist or even that he complained of wrist pain. [Doc. # 1 at 5].
[5] Plaintiff alleges that he told Clark that his wrist was probably broken and that he could not use crutches. [Doc. # 1 at 6].

2

duty. On examination, she noted that he had some edema of the left wrist and pain with movement. She immobilized his wrist[6] and consulted with a physician who gave verbal orders for an x-ray and tramadol for pain. Clark Aff. at ¶8; Med. Rec. at 5-6. The x-ray revealed a nondisplaced fracture of the distal radial metaphyseal region. Id. Defendant Clark did not see plaintiff again until July 3, 2014.

On June 11th, plaintiff was placed in a short cylinder cast. Id. at 11, 14. On July 3rd, plaintiff asked defendant Clark when his cast would be removed. Clark Aff. at ¶10. She told him that follow-up x-rays would be taken on July 8th and that the results would be discussed with him at a follow-up appointment[7] Id. On July 29, 2014, physician Paul Jones, M.D., reviewed the x-rays, which showed that plaintiff's wrist was healing but that there was not yet a complete cortical union. Med. Rec. at 13. Dr. Jones ordered tests to determine why plaintiff's wrist was healing so slowly. Paul Jones Affidavit at ¶8 [Doc. # 19-4]. As a result of the test results, Dr. Jones ordered a calcium supplement for plaintiff, along with additional pain medication and a repeat x-ray. Id. at ¶9. An x-ray taken on August 21, 2014, showed interval healing of the fracture and Dr. Jones discontinued plaintiff's lay-in and ordered that he could return to normal duty. Id. at ¶10.

On September 2, 2014, plaintiff told Dr. Jones that he had been bench pressing 325 pounds and that his wrist hurt when he was bench pressing, but not at any other time. Dr. Jones informed plaintiff that high strain and weight use would cause the fracture to take much longer to heal and could result in a new

---

[6] It appears that defendant Clark splinted plaintiff's wrist and gave him a sling. See Med. Rec. at 11 (note dated 6/3/14 states "continue splint immobilization of left wrist").

[7] Crader told plaintiff that his appointment was scheduled for July 16th, but it did not take place until July 29, 2014. See Med. Rec. at 15 (note dated 7/17/14 states plaintiff reports not called out to see doctor on 7/16/14; lay-in extended); 16 (noting that plaintiff has appointment on 7/25/14), id. (note dated 7/25/14 states plaintiff reports his appointment keeps getting moved; lay in extended).

injury. Dr. Jones advised plaintiff to use minimal weight for the next four weeks. Id. at ¶11.

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## III. Discussion

The Eighth Amendment requires state prison officials to provide inmates with needed medical care. Cullor v. Baldwin, 830 F.3d 830, 836 (8th Cir. 2016) (citation omitted). Prison officials violate the Eighth Amendment when they are "deliberately indifferent" to the "serious medical needs" of inmates. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Whether an official was deliberately indifferent requires both an objective and a subjective analysis. Scott v. Benson, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, plaintiff must establish that he suffered from an objectively serious medical need. Id. at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Id. (citation omitted). Under the subjective prong, plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." Id. This showing requires a mental state "akin to criminal recklessness." Id. (citation omitted). Thus, plaintiff must show "more than negligence, more even than gross negligence" to evince deliberate indifference. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014) (citation omitted). An inmate must demonstrate that a prison doctor's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Dulany v. Carnahan, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Plaintiff claims that defendants Clark and Crider were deliberately indifferent to his objectively serious medical needs because they refused to x-ray his wrist until two days after he sustained the initial injury. The uncontested evidence establishes that plaintiff did not complain of wrist pain and there was no objective evidence of a wrist injury on May 21, 2014, when defendants Crader and Clark

5

evaluated plaintiff. When plaintiff did report wrist pain on May 23, 2014, his wrist was x-rayed and immobilized and he was given pain medication and a medical lay-in. Plaintiff has not presented any evidence and he cannot rely on the unattested allegations in his complaint to create a genuine dispute of material fact. See Fed.R.Civ.P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record . . ."). Defendants Crader and Clark are entitled to summary judgment on plaintiff's claim that they were deliberately indifferent to his serious medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. # 17] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2017.